8

## CIRCUIT COURT OF WASHINGTON COUNTY

Crosswhite

v.

Mid-Mountain Foods, Inc.

March 9, 1987

Case No. 3667

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the pleadings and exhibits in this matter and have researched the authorities cited to me at the hearing on February 27, 1987. In consideration of same and argument of counsel, I find as follows.

The plaintiff was employed by the defendant on April 29, 1980. He was allegedly injured during the course of his employment on October 8, 1984, and filed for, and obtained, workers' compensation benefits. Plaintiff was released to return to work in May or June of 1985, allegedly returned to work and quit the same day. The defendant discharged the plaintiff on or about June 25, 1985, for allegedly attempting to perpetrate a fraud upon the defendant, to-wit: the filing of a false claim for workers' compensation. The plaintiff contends he was discharged for having exercised his right to file a claim in violation of Section 65.1-40.1 of the Code, and, thus, this lawsuit.

Subsequent to plaintiff's discharge, the defendant filed an Application for Hearing with the Industrial Commission seeking to set aside the previous award. This resulted in a compromise settlement being reached whereby the plaintiff herein was paid $3,500.00 plus medical expenses through September 6, 1990. The settlement agreement, dated September 30, 1985, contains broad, general

language which purports to be a general release of all claims. The agreement states in the second paragraph of # 3:

> This agreement would serve . . . as a complete and final release and discharge from, any and all liability by the Employer . . . for any and all claims . . . whether past, present or future, whether known or unknown, arising out of, resulting from, or related to any and all of the Employee's past employment with the Employer. . .

The question, of course, is whether the action herein was contemplated by the parties when the release was made and whether the language is broad enough to encompass this action and act as a bar to recovery on the motion. I am of the opinion that they did and it is and that the defendant's Motion for Summary Judgment should be granted.

All parties to the agreement were represented by counsel. The plaintiff signed the agreement and counsel for both endorsed same. The defendant compromised a potential affirmative claim it had against the plaintiff. It is unlikely it would have done so had it not contemplated it was terminating forever its relationship with the plaintiff and foreclosing any future claims. The plaintiff, on the other hand, knew of his discharge when he signed the release. He and his attorney also knew, or should have known, of relief provided by statute for employees claiming unlawful discharge.

The very nature of a general release is that the parties desire to settle all matters forever. A general release not only settles enumerated specific differences, but claims of every kind of character, known or unknown. *Virginia Impression Products Co., Inc. v. SMC Corporation,* 448 F.2d 262 (4th Cir. 1971).

> For a release to be final and complete, it must have been so intended by the parties.
> However, a person who at the time of the execution of a release knows, or by inquiry might know, the exact nature of the writing cannot invoke his own neglect to ascertain

its nature to impeach it, unless imposed on and misled by fraud.

The law imposes no obligation on a party to a general release, dealing at arm's length to reveal all the possible legal theories the other may possibly use against him. Michie's Jurisprudence, vol. 16, p. 64.

The intent of the parties to a release is to be derived from the face of the instrument viewed as a whole, giving effect to the plain meaning of the words thereof.

We adhere to the "plain meaning" rule in Virginia: where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself. This is so because the writing is the repository of the final agreement of the parties. *Berry v. Klinger*, 225 Va. 201 (1983).

A release is just another contract in which the intent of the parties is to be derived from the face of the instrument viewed as a whole. *Virginia Impression Products, etc., supra*, p. 265.

A release such as the one before the court, containing broad, general language of release, entered into by competent parties, at arm's length, with the advice of counsel clearly evinces an intent by the parties to sever the relationship once and for all and to preclude any future claims. Absent a showing of fraud, material misrepresentation, or mutual mistake, the court must give effect to the clear language of the instrument.